ROBERT BLOOM
Attorney for Joseph Buddenberg
1514 10th Street
Berkeley, CA 94710

510-898-1928

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NUMBER CR 09-263 RMW |
|     Plaintiff, | ) | |
| | ) | **MOTION TO DISMISS** |
|     -v- | ) | **INADEQUATE INDICTMENT** |
| | ) | |
| JOSEPH BUDDENBERG, | ) | Date: |
|     Defendant. | ) | Time:    9 AM |
| _____ | ) | Hon. Judge Whyte |

**NOTICE OF MOTION AND MOTION TO DISMISS**

Please take notice that Defendant Joseph Buddenberg hereby moves to dismiss the instant indictment on the ground that the indictment fails to adequately set forth facts as required by the Constitution and by Supreme Court and Ninth Circuit authority.

1

The Motion is based upon the Points and Authorities that are set forth hereinbelow.

Berkeley, California

April 19, 2010

>Respectfully submitted,

>/s/ Robert Bloom

>Attorney for Joseph Buddenberg

### **MEMORANDUM OF POINTS AND AUTHORITIES**

As the Supreme Court held in *Russell v U.S.*, 369 U.S. 749, 758ff (1962), an indictment is invalid and must be dismissed if it fails to adequately serve the several functions that the Constitution requires.

*An indictment must provide sufficient information to permit the accused to prepare a defense;

*It must set forth information that demonstrates that the accused was indicted on the basis of information that was presented to the grand jury;

*It must provide sufficient detail to permit the accused to plead double jeopardy in the event of a subsequent indictment:

2

*It must set forth facts so that the trial Court can determine the sufficiency of the charges.

The instant indictment does not satisfy any of the requirements that are set forth in *Russell*.

Count 1 alleges conspiracy to violate 18 U.S.C.§43, and in so doing, the body of that Count simply tracks the language of the statute. It does not set forth a single fact.

The count recites three overt acts:

The first act alleges that on a particular date, three of the four defendants "<u>engaged in acts</u> involving threats, harassment, and intimidation at a bio-medical researcher's residence in the East Bay". (emphasis added)

The second overt act alleges that, on a different date, all four defendants "<u>engaged in acts</u> involving threats, harassment, and intimidation at several bio-medical researchers' residences in the East Bay". (emphasis added)

The third overt act alleges that two of the defendants (not including Mr. Buddenberg) "used the Internet to find information on bio-medical researchers ..."

That is the entirety of the allegations in the conspiracy count. There is not a single factual allegation as to Joseph Buddenberg. The indictment simply does not say what it is that Joseph Buddenberg supposedly did.

3

Count 2 accuses the four defendants of violating 18 U.S.C. §43. That Count simply tracks the exact language of the statute. Count 2 does not set forth any facts of any kind. Not one. As with Count 1, the indictment simply does not say what it is that Joseph Buddenberg supposedly did.

It is manifest that none of the required functions of an indictment that are clearly set forth in *Russell* are satisfied by the instant indictment. The entirety of the factual claims in this indictment is that, on two particular dates, Mr. Buddenberg "engaged in acts" [that allegedly frightened or harassed someone]. That's it. There is no recitation of what those alleged acts might have been.

If the government replies to this Motion by asserting that information has been provided in discovery that provides further details, that does not, and cannot, "cure" this defective indictment. Even if the government argues that Mr. Buddenberg has effectively been given notice of what acts he allegedly engaged in, it is the *indictment* that must do so. (See *U.S. v Buckley*, 689 F.2d 893, 896 [9th Cir. 1982]).

Even if the Court believes that discovery has effectively "cured" a defective indictment as to the ability of Mr. Buddenberg to prepare a defense, the other aspects that are set forth in *Russell* (and above) are not satisfied by this indictment.

It is respectfully submitted that it is clear what the government has done in

4

this case. The "acts" in which Mr. Buddenberg allegedly engaged (based on a review of the materials provided in discovery) are <u>picketing</u>, an activity that is clearly protected by the First Amendment to the Constitution. The reason the indictment does not set forth a single factual claim against Mr. Buddenberg ---- not one — is that, for reasons that can only be described as political, the prosecution simply does not want to tell the world in a public document, (the indictment), just what it is that Mr. Buddenberg allegedly did that was wrong because, based on the content of the discovery materials, Joseph Buddenberg "engaged in" <u>picketing</u>. That's it. It is clear that the government is concerned, and rightly so, that the public would be appalled to learn that the defendants are accused of being terrorists and facing imprisonment because they allegedly exercised their rights under the First Amendment by picketing to expose atrocities against living creatures that take place at University of California laboratories.

Whatever their motivation, the people who drafted this indictment have intentionally failed to tell Mr. Buddenberg, the other defendants, the Court, the media, and the world, that Mr. Buddenberg and his co-defendants are indicted and branded as Terrorists for picketing.

The legal consequence of this choice is that the indictment must be dismissed because it is inadequate. It fails to meet constitutional requirements.

5

Berkeley, California

April 19, 2010

                Respectfully submitted,

                /s/ Robert Bloom

                Attorney for Joseph Buddenberg