**E-FILED on** 7/12/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH BUDDENBERG, MARYAM KHAJAVI, NATHAN POPE a/k/a NATHAN KNOERL, and ADRIANA STUMPO,<br><br>Defendants. | No. CR-09-00263 RMW<br><br>ORDER DISMISSING INDICTMENT WITHOUT PREJUDICE AND DENYING AS MOOT OTHER PENDING MOTIONS<br><br>[Re Docket Nos. 124, 125, 126, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146 and 152] |

Defendants Adriana Stumpo, Nathan Pope and Joseph Buddenberg each moves to dismiss the indictment charging them with violation of the Animal Enterprise Terrorism Act ("AETA"), 18 U.S.C. § 43, and with conspiracy to violate the AETA under 18 U.S.C. § 371. They also, along with Maryam Khajavi, each join in each other's motion. In addition, the defendants move to suppress evidence, for an amended bill of particulars and for a determination of the scope of relevant evidence at trial. The United States opposes the motions. The motions came on for hearing before the court on June 7, 2010. Having considered the papers submitted by the parties and the arguments, the court dismisses the indictment without prejudice on the basis that the indictment fails to allege the facts of the crimes charged with sufficient specificity to meet the requirements of the Fifth

Amendment of the Constitution and Rule 7(c)(1) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P"). The other pending motions are denied without prejudice as moot.

## I. BACKGROUND

On February 19, 2008, the United States filed a criminal complaint alleging that defendants participated in a series of threatening demonstrations at the homes of a number of UC Berkeley and UC Santa Cruz bio-medical researchers whose work involves the use of animals. On March 12, 2009, the grand jury issued a two-count indictment that contains little of the specifics of the complaint. Count One charges the defendants with violating 18 U.S.C. § 371 by conspiring to use a facility of interstate commerce to damage and interfere with the operations of an animal enterprise in violation of 18 U.S.C. § 43, the AETA. Count Two charges the defendants with violating 18 U.S.C. § 43. The AETA prohibits use of a facility of interstate commerce to interfere with an animal enterprise and in connection therewith intentionally placing a person in reasonable fear of death or serious bodily injury through a course of conduct involving threats, acts of vandalism, property damage, criminal trespass, harassment and intimidation. The indictment largely parrots the language of the criminal statute.

The United States has also provided a bill of particulars. Becker Decl. Exh. 2. The bill of particulars identifies eight incidents and provides the date, the specific defendants involved, and the initials of the victims in each incident, and it cross-references specific police reports by case number. One example is illustrative:

> On or about October 21, 2007, defendants Joseph Buddenberg, Nathan Pope, and Adriana Stumpo engaged in acts of threats, trespassing, harassment, and intimidation against L.B. and his family, as reflected in UC Berkeley Police Department case number 07-04650, and El Cerrito Police Department case number 2007-19698.

Bill of Particulars at 2. In addition, the government has produced over 3,000 pages of documents in discovery including the police reports referenced in the bill of particulars. These police reports apparently reveal the names of the victims and the details of each incident, but they also contain significant amounts of information unrelated to the acts of the present defendants. Some of the reports are lengthy, and in the case of the two specific reports in the example above, the reports consist of approximately 70 pages. *See* Thompson Decl. Exhs. C and D.

Defendants now move to dismiss the indictment on the ground that it is insufficient.

## II. ANALYSIS

### A.     Standard

The Fifth Amendment provides in part that: [n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const., amend. V.  Rule 7 of the Federal Rules of Criminal Procedure requires that an indictment include a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1).  An indictment is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, it enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *Hamling v. United States*, 418 U.S. 87, 117 (1974).  An "indictment may set forth the offense in the words of the criminal statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling,* 418 U.S. at 117, quoting *United States v. Carll*, 105 U.S. 611, 612 (1882).  The Supreme Court has noted, however, that while the language of the statute may be used in the general description of an offense, "*it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged*." *Hamling*, 418 U.S. 117-8, quoting *United States v. Hess*, 124 U.S. 483, 487 (1888) (emphasis added).  "'[A]n indictment must do more than simply repeat the language of the criminal statute.'" *United States v. O'Donnell*, ____ F.3d ____, 2010 WL 2352042, *8 (9th Cir. 2010), quoting *Russell v. United States*, 369 U.S. 749, 764 (1962).

In addition to serving a notice function, the indictment must also be sufficiently specific to ensure that the subsequent prosecution is based upon facts presented to the grand jury, a concern grounded in the Fifth Amendment.  *Russell*, 369 U.S. at 760.  As explained by the Supreme Court:

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.  For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

1  *Id.* at 769-70.  Thus, in reviewing the sufficiency of an indictment:

2  > This inquiry must focus upon whether the indictment provides "the substantial safeguards" to criminal defendants that indictments are designed to guarantee. Pursuant to this purpose, an indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge.  To perform these functions, *the indictment must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged.*

*United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (citations omitted) (emphasis added).

With these principles in mind, the court turns to the parties' arguments and an evaluation of the present indictment.

**B.    Language of the Indictment**

The two-count indictment in this case largely tracks the language of Section 43.  Count Two alleges a violation of 18 U.S.C. § 43 and states that from October 2007 through in or about July 2008, in the Northern District of California, defendants Buddenberg, Khajavi, Pope, and Stumpo:

> used and caused to be used a facility of interstate commerce, for the purpose of damaging and interfering with the operations of an animal enterprise, and in connection with that purpose did intentionally place and attempt to place a person in reasonable fear of death of, and serious bodily injury to that person, a member of the immediate family of that person, and a spouse and intimate partner of that person by a course of conduct involving threats, acts of vandalism, property damage, criminal trespass, harassment, and intimidation, in violation of Title 18, United States Code, Section 43.

Indictment ¶ 3.  Other than identifying a ten-month time frame and a geographic boundary spanning fifteen counties, Count Two simply recites the statutory language.  It alleges no facts identifying what each defendant is alleged to have done, to whom, where or when.  Indeed, the language of the charge is quite generic: defendants engaged in a course of conduct involving some combination of threats, vandalism, property damage, trespass, harassment and intimidation to intentionally place or attempt to place an unidentified person in fear of death or serious bodily injury to himself, family, spouse or intimate partner, for the purpose of interfering with an unidentified animal enterprise.  Any defendant – constitutionally presumed to be innocent – would be hard-pressed to discern from Count Two what it is that he or she has done that is alleged to have violated the law.

1   Count One charges the defendants with violating 18 U.S.C. § 371 by conspiring to use a

2 facility of interstate commerce to damage and interfere with the operations of an animal enterprise in

3 violation of 18 U.S.C. § 43.  Like Count Two, Count One alleges that from October 2007 through

4 July 2008, in the Northern District of California, defendants Buddenberg, Khajavi, Pope and Stumpo

> conspired to use and caused to be used a facility of interstate commerce for the purpose of damaging and interfering with the operations of an animal enterprise, and in connection with that purpose, did intentionally place a person in reasonable fear of death of, and serious bodily injury to that person, a member of the immediate family of that person, and a spouse and intimate partner of that person by a course of conduct involving threats, acts of vandalism, property damage, criminal trespass, harassment, and intimidation, in violation of Title 18, United States Code, Section 43.

Indictment ¶ 1.  Count One also alleges three overt acts in furtherance of the conspiracy which

provide the only factual details concerning defendants' conduct:

> A.   On or about October 21, 2007, defendants BUDDENBERG, POPE, STUMPO, and others known and unknown to the Grand Jury, engaged in acts involving threats, criminal trespass, harassment, and intimidation at a bio-medical researcher's residence in the East Bay;
>
> B.   On or about January 27, 2008, defendants BUDDENBERG, KHAJAVI, POPE, STUMPO and others known and unknown to the Grand Jury, engaged in acts involving threats, harassment, and intimidation at several bio-medical researchers' residences in the East Bay;
>
> C.   On or about July 27, 2008, defendants POPE, STUMPO and another person known to the Grand Jury used the Internet to find information on bio-medical researches at the University of California at Santa Cruz.

Indictment ¶ 2.  By providing specific dates and participants, and narrowing the geographic scope to

bio-medical researchers' residences in the East Bay, Count One offers a modest amount of factual

information but the count is still quite generic.

**C.   The Indictment Fails to Provide Adequate Specificity**

Defendants argue that the indictment is insufficient because it does little more than recite the

statutory language and assert that in the context of an indictment for threats or intimidation, Rule 7

requires the United States to identify or at least summarize the actual words or expressive conduct

that forms the basis of the charge.  Stumpo Motion at 5, citing *United States v. Wagner*, 1984 U.S.

Dist. LEXIS 20481 (N.D.N.Y. 1984) (indictment for crime involving intimidation through threats of

force and intimidation was insufficient when it did not identify the threat).  Stumpo in hers motion

also points to other authorities where the court was able to determine the validity of the indictment

ORDER DISMISSING  INDICTMENT WITHOUT PREJUDICE AND DENYING AS MOOT OTHER PENDING MOTIONS   —No. CR-09-00263 RMW
TER                                              5

because the indictment contained allegations regarding the specific conduct or threat that was at issue. *See* Stumpo Motion at 6, citing *United States v. Fleming*, 215 F.3d 930 (9th Cir. 2000) (intimidation); *United States v. Maggitt*, 784 F.2d 590, 598 (5th Cir. 1986) (threat). Here, by contrast, the threat or threatening conduct is not identified, which defendants contend renders the indictment insufficient.

Second, defendants contend that the indictment is too vague to enable the court to review the charged conduct in order to determine whether such conduct may be punished without infringing the First Amendment. Pointing to the criminal complaint and the bill of particulars, Stumpo notes that the defendants are apparently being prosecuted at least in part for speech and expressive conduct in the course of public demonstrations and leafleting. Stumpo Motion at 6. Defendants candidly admit their intent to move to dismiss the indictment on First Amendment grounds on the basis that the challenged conduct cannot be punished because it does not amount to "true threats." In such a challenge, the court must examine the speech and expressive conduct at issue, but that examination cannot occur unless the specific speech and conduct is identified. Stumpo cites multiple cases in which motions to dismiss indictments were made on the ground that the conduct involved did not constitute a true threat, and in each case the court examined the language of the threat *as alleged in the indictment* in order to determine whether the statements or conduct were protected by the First Amendment. *See id.* at 7-8, citing *United Stated v. Landham*, 251 F.3d 1072 (6th Cir. 2001) (threat); *United States v. White*, 638 F. Supp. 2d 935 (N.D. Ill. 2009) (solicitation to harm another); *United States v. Syring*, 522 F. Supp. 2d 125 (D.D.C. 2007) (threat); *United States v. Anderson*, 2000 U.S. Dist. LEXIS 4445 (N.D.N.Y. March 30, 2006) (threat); and *United States v. Baker*, 890 F. Supp. 1375 (E.D. Mich. 1995) (threat). By contrast, the present indictment does not allege what the statements were or course of conduct was that involved or constituted the alleged threats, harassment or intimidation, thus precluding any meaningful review of the legal sufficiency of the charged conduct.

In opposition, the government argues that the indictment is sufficient because it alleges each element of the crimes charged. While it concedes that Section 43 is in part a threat statute, the government emphasizes that Section 43 requires the government to prove that the defendants

engaged in an unlawful course of conduct.  Without citation to supporting legal authority, the government then asserts that it need not allege the specific acts of threats, vandalism, property damage, trespass, harassment and intimidation.  Opposition at 5.  Moreover, the government appears to contend that the defendants' First Amendment concerns are misplaced, first because the course of conduct includes behavior such as trespass and vandalism that is not protected by the First Amendment, and second because even if the challenged conduct includes activity that would otherwise fall within the First Amendment's protections, the government will have to prove that such conduct amounts to "true threats" which are not protected.  Ultimately, the government asserts that it has provided a bill of particulars, identifying eight specific incidents, and has produced discovery (including the applicable police reports) through which the defendants have been fully informed of the facts underlying the charges against them.  Opposition at 5-6.  This, the government asserts, "provide[s] additional information on the nature of the charges to eliminate surprise at trial and enable the defendant to prepare his defense."  *Id.* at 6.

Yet, the government also concedes, as it must, that a bill of particulars cannot save an invalid indictment.  *Id.*  This proposition is firmly grounded in the law.  *See Russell*, 369 U.S. at 769-70; *Cecil*, 608 F.2d at 1296; *United States v. Keith*, 605 F.2d 462, 464 (9th cir. 1979).  The Ninth Circuit in *Cecil* explained:

> The very purpose of the requirement that a man be indicted by a grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge.  If a bill of particulars were allowed to save an insufficient indictment, the role of the grand jury as intervenor would be circumvented.  Rather than the assurance that a body of fellow citizens had assessed the facts and determined that an individual should face prosecution, the prosecutor would be in a position to second guess what actually happened within the grand jury and fill in the gaps with what he assumed transpired.  The protection of a significant check on the power of the courts and prosecutors would thus be lost. For similar reasons, "open file" discovery cannot cure an invalid indictment.

*Cecil*, 608 F.2d at 1296, citing *Russell*, 369 U.S. at 771.

Notably, none of the cases cited by the government stands for the proposition that where the indictment itself is inadequate, a bill of particulars may cure that defect by providing additional factual support.  In each of the three cases cited by the government, the underlying indictment provided sufficient factual information.  In *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir.

ORDER DISMISSING  INDICTMENT WITHOUT PREJUDICE AND DENYING AS MOOT OTHER PENDING MOTIONS   —No. CR-09-00263 RMW
TER                                                                                   7

1984), the "reasonably detailed" indictment itself alleged the facts underlying the mail fraud charge, including identifying each of the mailings. In *United States v. Giese,* 597 F.2d 1170, 1178 (9th Cir. 1979), the indictment identified the dates and specific acts of the defendants in connection with bombing military recruitment centers to such a degree that the court observed that the defendant "could not possibly have been confused about what the government would attempt to prove at trial." Finally, in *United States v. Haas*, 583 F.2d 216 (5th Cir. 1978), the indictment charging defendant with attempting to influence a grand juror alleged:

> On or about the 5th day of March, 1977, in Mobile County, within the Southern Division of the Southern District of Alabama, Thomas M. Haas corruptly did endeavor to influence and impede Sandra D. Haas, who was then a member of a Federal Grand Jury for the Southern District of Alabama, considering the circumstances surrounding the death of Louis Wallace, by communicating information over the telephone about the matter being considered by the Grand Jury in an effort to influence and impede Sandra D. Haas in the discharge of her duty as a Grand Juror; in violation of Title 18, United States Code, Section 1503.

The indictment stated the name of the grand juror and the grand jury, specified the matter being considered by the grand jury, set forth the means by which information was communicated to the grand juror and that the information related to the matter being considered by the grand jury. While it did not allege the specific information communicated to the grand juror, which the Fifth Circuit recognized posed a "serious threat to its validity," the court nevertheless found that the indictment itself was sufficient, and having met that threshold, further information could be provided by way of a bill of particulars. None of the cases stands for the proposition asserted by the government that, in view of a more detailed bill of particulars, the inadequacies of the indictment can be disregarded.

Accordingly, the court is not persuaded by the government's arguments. In order for an indictment to fulfill its constitutional purposes, it must allege facts that sufficiently inform each defendant of what it is that he or she is alleged to have done that constitutes a crime. This is particularly important where the species of behavior in question spans a wide spectrum from criminal conduct to constitutionally protected political protest. While "true threats" enjoy no First Amendment protection, picketing and political protest are at the very core of what is protected by the First Amendment. Where the defendants' conduct falls on this spectrum in this case will very likely ultimately be decided by a jury. *See e.g., United States v. Syring*, 522 F. Supp. 2d 125

ORDER DISMISSING INDICTMENT WITHOUT PREJUDICE AND DENYING AS MOOT OTHER PENDING MOTIONS —No. CR-09-00263 RMW
TER                                     8

(D.D.C. 2007). Before this case proceeds to a jury, however, the defendants are entitled to a more specific indictment setting forth their conduct alleged to be criminal.

The threat cases cited by defendants are illustrative. In each case, the indictment alleged specific facts identifying the threat that formed the basis for the charge:

In *United Stated v. Landham*, 251 F.3d 1072 (6th Cir. 2001), the indictment charged defendant with communicating a threat to kidnap or injure a person in violation of 18 U.S.C. § 875. The indictment identified the date the threat was made, the recipient of the threat, the means by which the threat was conveyed, and the specific words constituting the alleged threat:

> On or about a [sic] February 7th, 1998, in Lewis County, in the Eastern District of Kentucky,
>
> WILLIAM M. LANDHAM
>
> defendant herein, did knowingly transmit in interstate commerce a threat to kidnap another person, in that by interstate phone call he stated to Belita Landham words to the effect: "I'm going to tell you something you .... You will not have Priscilla by her second birthday, because I'm going to have all your children .... You will not have Priscilla to raise ... I'm going to get her,"; all in violation of Title 18, united States Code, Section 875.

*Id.*, 251 F.3d at 1081.

Similarly, *United States v. White*, 638 F. Supp. 2d 935 (N.D. Ill. 2009), involved a prosecution under 18 U.S.C. §373 for soliciting another to harm the foreperson of a federal jury that had convicted a white supremacist leader. The solicitations were postings on the defendant's internet website and the indictment identified the website, the specific date of postings, and the specific content of the posts which were alleged to constitute the proscribed solicitations. *Id.* at 937-41.

*United States v. Syring*, 522 F. Supp. 2d 125 (D.D.C. 2007), involved an indictment under two federal statutes prohibiting sending threatening communications. The indictment specifically identified the date, time, and content and recipient of the voice mail and e-mail messages constituting the threatening messages. *Id.* at 126-27.

*United States v. Anderson*, 2000 U.S. Dist. LEXIS 4445 (N.D.N.Y. March 30, 2006), involved a prosecution for an extortionate threat to injure the property or reputation of another. The indictment identified the date, the speaker, the victim, the specific property sought to be damaged,

1  the means of conveying the threat, the medium of the threat and the specific content of the
2  threatening message.
3      *United States v. Baker*, 890 F. Supp. 1375 (E.D. Mich. 1995), involved a five-count
4  indictment of transmitting e-mail threats to injure or kidnap another.  The indictment identified the
5  author, the recipient, the dates, and specific content of the messages alleged to constitute the threats.
6  *Id.* at 1387-90.
7      *United States v. Fleming*, 215 F.3d 930 (9th Cir. 2000), involved a prosecution for
8  attempting to influence a judge through threats or intimidation.  The indictment identified the
9  specific conduct that amounted to the alleged threat or intimidation – the attempt to file a
10 $10,000,000 lien on real property owned by the judge – identified the judge by name, and identified
11 the pending judicial proceeding sought to be influenced.  *Id.* at 935.
12     Finally, *United States v. Maggitt*, 784 F.2d 590, 598 (5th Cir. 1986), involved a threat
13 intended in retaliation against a witness for having given information to a law enforcement officer.
14 The indictment "identified the victim of the threat, the precise character of the threat, the date on
15 which the threat occurred, and the purpose of the threat." *Id.* at 598.  It was sufficient,
16 notwithstanding a failure to include the statutory definition of "law enforcement officer."
17     In marked contrast, neither count of the present indictment pleads any such factual details.
18 Count Two alleges that within a ten-month span in a geographic area comprised of fifteen counties,
19 the defendants

> conspired to use and caused to be used a facility of interstate commerce for the purpose of damaging and interfering with the operations of an animal enterprise, and in connection with that purpose, did intentionally place a person in reasonable fear of death of, and serious bodily injury to that person, a member of the immediate family of that person, and a spouse and intimate partner of that person by a course of conduct involving threats, acts of vandalism, property damage, criminal trespass, harassment, and intimidation, in violation of Title 18, United States Code, Section 43.

24 No specific dates are given.  No target person is identified.  No specific threat, act of vandalism,
25 property damage, criminal trespass, harassment, or act of intimidation is identified.
26     The conspiracy count fares little better.  Although it recites two specific dates and the
27 geographic scope is narrowed to one or more bio-medical researchers' residences in the East Bay, it
28 is far too generic in its allegations that the defendants "engaged in acts involving threats, criminal

trespass, harassment, and intimidation." Both counts allege too little to pin down the specific conduct at issue. *United States v. Josten*, 704 F. Supp. 841, 844 (N.D. Ill. 1989).

*United States v. Wagner*, 1984 U.S. Dist. LEXIS 20481, is also persuasive. Like the present case, the crime in *Wagner* involved a threat of force and intimidation, specifically, that the defendant, through threats of force, endeavored to intimidate and impede an IRS agent in the performance of his duties in violation of 26 U.S.C. § 7212(a). Defendant moved to dismiss the indictment on the ground that it was vague and uncertain and failed to allege facts constituting the offense. The indictment alleged the date, the judicial district in which the conduct occurred, and the identity of the victim, yet otherwise merely parroted the language of the criminal statute, alleging that the defendant "by threats of force did endeavor to intimidate and impede" the victim. The government contended that the indictment was sufficient because it tracked the language of the statute. The district court disagreed, holding that

> Like the offense charged in *Russell*, the offense here is one that depends crucially upon a specific identification of fact: what Wagner did [sic, said] or did that constituted the threat of force. Identification of the threat is necessary to comply with the requirement of Hamling, that the statutory language [be] accompanied by allegations that "will inform the accused of the specific offense, coming under the general description, with which he is charged."

*Wagner*, 1984 U.S. Dist. Lexis 20481, *5. The same holds true here: the offense depends crucially upon a specific identification of what the defendants each said or did that constituted the "course of conduct involving threats, acts of vandalism, property damage, criminal trespass, harassment and intimidation" that was done intentionally to place a person in reasonable fear of death or serious bodily injury to himself, a member of his family, spouse or intimate partner. More is needed to inform each defendant of the specific offense with which he or she is charged than merely reciting the statutory language.

The government, however, does not address *Wagner* or the other authorities cited by defendants, arguing instead that tracking the language of Section 43 is sufficient and incorrectly asserting that it need not allege the specific facts. Its failure to address the case law cited by defendants or to discuss any case law in which indictments involving threats, harassment or

intimidation have been found sufficient when they merely track the statutory language suggests its proposition lacks authoritative support.

The court's concern is magnified by the breadth of both the statute and the allegations of the indictment. The statute proscribes six different types of conduct (threats, acts of vandalism, property damage, criminal trespass, harassment, and intimidation) targeted on five sets of victims (an animal enterprise and a person, an immediate family member of that person, a spouse of that person, and an intimate partner of that person). The indictment's allegations are asserted generally against four defendants' conduct within a ten-month period, which (according to the bill of particulars), involves eight separate incidents. Not only does this create a significant notice problem by failing to inform the defendants of the charges against them, but without more facts alleged in the indictment, there is little to ensure that if a conviction is ultimately obtained, it was obtained based on the same facts on which the grand jury returned its indictment.

Significantly, the government has failed to address the potential for a conviction based upon facts not found by the grand jury even though it was raised in defendant Stumpo's motion. Ensuring that the defendant is prosecuted on the basis of facts presented to the grand jury is a concern of constitutional dimension, grounded in the Fifth Amendment. *Russell*, 369 U.S. 769-770; *Cecil*, 608 F.2d at 1296; *Cuevas*, 285 Fed. Appx. 469. While a bill of particulars and documents produced by the United States in discovery may, in an appropriate case, provide further information to enable the defense to prepare their defense and avoid unfair surprise at trial, a bill of particulars and discovery cannot satisfy the concern that the defendants could be prosecuted based on facts that were not those on which the grand jury returned its indictment. As noted by the Supreme Court in *Russell*, this would "deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Russell*, 369 U.S. at 769-770. The government's failure to address this issue suggests that it has no meaningful response to defendants' argument on the issue.

The indictment is deficient in that it does not contain a statement of facts and circumstances that will inform the defendants of the specific offense conduct with which they are charged.

**United States District Court**
For the Northern District of California

Particularly considering the protest context in which the underlying conduct has occurred and the First Amendment implications raised, it is reasonable to require the government to more specifically identify the precise conduct upon which it seeks to hold each defendant criminally liable.  In order for defendants to be fairly informed of what they are alleged to have done in violation of the law, for the court to be able to determine whether the specific conduct charged is protected by the First Amendment, and to ensure that defendants are prosecuted on the basis of facts presented to the grand jury, the indictment must be more specific and identify the threats, acts of vandalism, property damage, criminal trespass, harassment, or acts of intimidation that form the proscribed course of conduct, as well as the dates and locations where each of the acts are alleged to have occurred.  As observed by the Ninth Circuit,

> The requirement that an indictment contain a few basic factual allegations accords defendants adequate notice of the charges against them and assures them that their prosecution will proceed on the basis of facts presented to the grand jury.  Such a requirement is neither burdensome nor unfair to the prosecuting authorities.

*Cecil*, 608 F.2d at 1297.

The government appears to take the position that specific conduct does not need to be set forth in the indictment because, in some cases, it will rely on the defendants' conduct as a whole.

> In some cases, the government will allege that the defendants' conduct as a whole during that incident amounted to threats, harassment, or intimidation.  In other words, the government will not rely on any one of the defendant's acts, but will instead seek to prove that the defendant's conduct during the incident as a whole constituted a threat or an act of intimidation or harassment.

Opposition at 9.  This argument highlights the problem with the current indictment rather than justifying its present form.  If individual acts did not amount to a threat or an act of intimidation or harassment, what conduct as a whole did?

Defendants' motions to dismiss the indictment are granted without prejudice based upon the indictment's lack of specificity.  The motions are granted without prejudice to re-indictment because, although the indictment lacks specificity: (1) the discovery provided by the government has given the defendants substantial information about the facts the government has investigated so trial will not be unduly delayed if the government promptly re-indicts the defendants; (2) the defendants are

1 not in custody; and (3) the nature of the alleged offenses raise issues that are serious enough to
2 justify further proceedings.

### D. Additional Challenges to the Indictment

4 The defendants raise other objections to the indictment. However, in light of the court's
5 conclusion that the indictment is subject to dismissal because it fails to allege the facts of the crimes
6 charged with sufficient specificity, the court does not reach those other objections.

### III. ORDER

8 For the foregoing reasons, the court grants defendants' motions to dismiss without prejudice,
9 on the basis that the indictment fails to allege the facts of the crimes charged with sufficient
10 specificity to meet the requirements of the Fifth Amendment of the Constitution and Fed. R. Crim.
11 P. 7(c)(1). The other pending motions, namely the Motions to Suppress brought by defendants
12 Buddenberg (dkt. # 125), Pope (dkt. # 135), Stumpo (dkt. # 143) and Khajavi (dkt. # 145), the
13 Motion for an Amended Bill of Particulars brought by defendant Pope (dkt. # 126) and the Request
14 to Determine the Scope of Relevant Evidence at Trial (dkt. # 142) are all denied without prejudice as
15 moot.

17 DATED: 7/12/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge